IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY TAYLOR, #508901, | ) ) ) |
| Plaintiff, | ) NO. 3:22-CV-00689 ) |
| v. | ) ) ) JUDGE CAMPBELL |
| E. BYERS, *et al.*, | ) MAGISTRATE JUDGE ) FRENSLEY |
| Defendants. | ) |

**MEMORANDUM OPINION**

Corey Taylor, a pre-trial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Officer E. Byers and Metropolitan Government. (Doc. No. 1). He also filed an Application to Proceed in Forma Pauperis (Doc. No. 2), Motion in Support of Claim(s) (Doc. No. 5), a Motion for Temporary Restraining Order (Doc. No. 7), a Motion for Immediate Protective Order for Duration of Case (Doc. No. 10), and a Petition of Judicial Notice (Doc. No. 11).

**I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

By Order entered on September 16, 2022, the Court informed Plaintiff that this case could not proceed without further action on his part. (Doc. No. 4). Specifically, Plaintiff sought pauper status but had not yet submitted a certified copy of his inmate trust fund account statement. (*Id.*)

In response, Plaintiff filed a motion stating that, because the undersigned had granted him pauper status in another case filed in this Court, *Corey Taylor v. Daron Hall*, No. 3:22-cv-00616 (M.D.) (Doc. No. 6), Plaintiff believed he did not need to submit any further documents in the instant case to establish pauper status. (Doc. No. 8 at 1). In its Order entered on October 24, 2022,

1

the Court explained that a prisoner must establish his pauper status in each case he files because Plaintiff's financial circumstances may change from the date of filing one case to another. (Doc. No. 9). Because Plaintiff had stated he "ha[d] requested [a certified account statement] from his new case manager again" and advised the Court that he "has been sent through a different chain of command and is awaiting the documents" (Doc. No. 8 at 1), the Court granted Plaintiff additional time to submit the missing statement. (Doc. No. 9).

Plaintiff now has filed a Petition of Judicial Notice (Doc. No. 11) in which he details his attempts to obtain a certified copy of his inmate trust statement from jail officials. (*Id*. at 1-2). It appears that Plaintiff has attempted to comply with the Court's instructions and has been unable to do so for reasons outside of his control. The Court finds that, under these specific circumstances, Plaintiff has made a good faith effort to obtain pauper status with proper documentation. *See Michael Kilpatrick v. James O'Rouke*, No. 3:16-cv-01840 (M.D. Tenn. 2016) (Sharp., J.) (Doc. No. 3 at 2) (if jail officials refuse to cooperate with plaintiff's efforts to get his inmate account statement certified, plaintiff may submit a signed statement to the court detailing his attempts to comply with the court's order). Accordingly, Plaintiff's Application (Doc. No. 2) will be granted. Should the Court discover at any point that Plaintiff has falsely represented the amount in his inmate trust account, Plaintiff's pauper status could be revoked and Plaintiff will be required to pay the full civil filing fee of $402.

## II. SCREENING OF THE COMPLAINT

**A. PLRA Screening Standard**

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med.*

*Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C. Facts Alleged in the Complaint**

According to the complaint, on August 23, 2022, Officer Byers made a comment to Plaintiff in the presence of other inmates insinuating that Plaintiff was engaging in sexual behavior with another person, possibly a same-sex inmate. Plaintiff told Officer Byers that Plaintiff wanted "to file a prea" and asked Officer Byers "would he like it if [Plaintiff] called him a 'bitch' and [Plaintiff] then said 'Bitch get me a sergeant." (Doc. No. 1 at 1). Officer Byers refused to provide the form or call for a sergeant. He then wrote Plaintiff up for a "bogus" offense. (*Id*. at 2). Plaintiff made multiple requests for the "prea" form, and Officer Byers never provided it.

Plaintiff ultimately was able to speak with another officer about the incident, and Officer Byers was removed from Plaintiff's housing unit. However, Officer Byers has entered Plaintiff's unit twice after his removal. During one of those times, Officer Byers "kept staring at [Plaintiff's] cell talking to another officer about the situation and [Plaintiff] felt threaten[ed] and as if this officer was trying to intimidate [Plaintiff]." (*Id*.)

Plaintiff states that he is "homophobic and a victim of sexual abuse as a child." (*Id*.) As a result of these factors, he became "mentally and emotionally bothered and filled with mental and emotional anguish" and fearful for his well-being after the incident. (*Id*.) He seeks punitive damages in the amount of $75,0000; compensatory damages in the amount of $75,000; nominal damages; and "an immediate audit of DSCO prea policy to ensure they are following protocol . . . ." (*Id*. at 3).

**D. Analysis**

The complaint names two Defendants to this action: "Metropolitan Government" and E. Byers.

Plaintiff does not indicate in what capacity or capacities he wishes to sue E. Byers. "However, a plaintiff's failure to explicitly state 'individual capacity' in the complaint is not necessarily fatal to" individual-capacity claims. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). The Court "employ[s] a 'course of proceedings' test to ascertain whether a § 1983 defendant was on notice that the plaintiff intended to hold him or her personally liable, notwithstanding the plaintiff's failure to provide explicit notice." *Id*. (citing *Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002)). In doing so, the Court analyzes "factors [such] as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint." *Goodwin v. Summit Cnty.*, 703 F. App'x 379, 382 (6th Cir. 2017) (quoting *Moore v. City of Harriman*, 272 F.3d 769, 772 n.1 (6th Cir. 2001)).

Here, the Court finds that the complaint provides sufficient notice to Defendant Byer of his or her potential individual liability. Plaintiff's retaliation claims are based on the actions taken (and not taken) by E. Byer. Plaintiff also requests both compensatory and punitive damages. (Doc. No. 1 at 3). And "[t]o the extent doubt persists that this combination of factors warrants construing the complaint as one against the defendants individually," the Sixth Circuit has counseled that "this doubt should be resolved in [Taylor's] favor as a pro se plaintiff." *Lindsay v. Bogle*, 92 F. App'x 165, 169 (6th Cir. 2004) (citing *Boswell v. Mayer*, 169 F.3d 384 387 (6th Cir. 1999)). Accordingly, the Court will consider this action as being brought against Defendant E. Byer in both his or her individual and official capacities.

1. Officer E. Byer

   a. Individual Capacity

The complaint alleges that Officer E. Byer retaliated against Plaintiff for seeking to file a complaint under the Prison Rape Elimination Act (PREA). Specifically, the complaint alleges that Byer retaliated against Plaintiff by filing a bogus disciplinary charge against Plaintiff immediately after Plaintiff sought to make a PREA report concerning Byer's actions.

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of Section 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. *Id.* at 394-99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X,* 175 F.3d at 396. Plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

"The pursuit of a prison grievance—including, presumably, a complaint under PREA—is protected conduct, so long as the grievance is not frivolous." *Gennoe v. Washburn*, No. 3:19-cv-00478, 2019 WL 5693929, at *6 (M.D. Tenn. Nov. 4, 2019) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)); *see Treadwell v. King*, No. 2:20-CV-10280, 2020 WL 815589, at *2 (E.D. Mich. Feb. 19, 2020) (finding nonfrivolous PREA filing to be protected conduct). For purposes of this initial review, and viewing the complaint in the light most favorable to Plaintiff,

6

the Court cannot find that Plaintiff's PREA complaint was frivolous. His filing of the PREA complaint is therefore presumed to be protected conduct for the required PLRA screening.

The Court further finds, for purposes of initial review, that being confronted with a disciplinary charge and potential punishment over filing an unfounded PREA report is a sufficiently adverse action to support Plaintiff's retaliation claim. Plaintiff therefore sufficiently alleges a nonfrivolous retaliation claim under Section 1983 against E. Byer is his or her individual capacity.

### b. Official Capacity

When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that Byer is an employee of the Davidson County Sheriff's Office. (Doc. No. 1 at 1). The Davidson County Sheriff's Office is a division of the Metropolitan Government and Davidson County (Metro), but is not itself a separate legal entity susceptible to liability under Section 1983. *See Lunsford v. Davidson County Sheriff's Office*, No. 3:19-cv-00079, 2019 WL 333553, at *2 (M.D. Tenn. Jan. 25, 2019) (citations omitted). Thus, Plaintiff's Section 1983 claim against the Davidson County Sheriff's Office fails to state a claim upon which relief can be granted.

### 2. Metropolitan Government

The complaint also names Metropolitan Government as a Defendant to this action. The Court infers that, by "Metropolitan Government," Plaintiff names the Metropolitan Government and Davidson County (Metro), A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by a county or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for

Metro to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir .2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Metro under Section 1983. The complaint does not identify or describe any of Metro's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Metro on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL3619790, at *2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Metro. This claim therefore must be dismissed.

**E. Conclusion**

After having conducted the required initial screening of the complaint pursuant to the PLRA, the Court finds that Plaintiff alleges a nonfrivolous retaliation claim under Section 1983 against Defendant E. Byer is his or her individual capacity. That claim will proceed for further development.

However, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability under Section 1983 against Defendant Metropolitan Government (Metro). Plaintiff's claims against Metro therefore will be dismissed. Further, the complaint fails to state viable Section 1983 claims against the Davidson County Sheriff's Office and Defendant Byer in his or her official capacity, and those claims will be dismissed.

### III.  MOTION FOR TEMPORARY RESTRAINING ORDER

Subsequent to filing his complaint, Plaintiff filed a Motion for a Temporary Restraining Order against the Davidson County Sheriff's Office and Officer E. Byers. (Doc. No. 7). Plaintiff states that "he feels he will be targeted by DCSO and E. Byers once all parties are served with suit." (*Id*. at 1). Plaintiff seeks "the protection of this court so he will not be antagonized against or faced with further mental and emotional anguish from the sexual verbal comments . . . ." (*Id*.)

Federal Rule of Civil Procedure 65 governs the court's power to grant injunctive relief, including TROs without notice. Fed. R. Civ. P. 65(b). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court

finds will minimize the irreparable injury." *Stenberg v. Checker Oil Co.,* 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted). "Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Ciavone v. McKee*, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). Further, where "a preliminary injunction is mandatory— that is, where its terms would alter, rather than preserve, the status quo by commanding some positive action . . . the requested relief should be denied unless the facts and law clearly favor the moving party." *Glauser-Nagy v. Med. Mut. of Ohio*, 987 F. Supp. 1002, 1011 (N.D. Ohio 1997).

In determining whether to issue a TRO or preliminary injunction under Federal Rule of Civil Procedure 65, a district court must consider the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Liberty Coins, LLC v. Goodman,* 748 F.3d 682, 689-90 (6th Cir. 2014); *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (noting that the same four factors apply regardless of whether the injunctive relief sought is a TRO or a preliminary injunction). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (internal quotations omitted).

Before reaching the merits, however, a movant must comply with specific procedural requirements. First, because the movant bears the burden of justifying preliminary injunctive relief on the merits, *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Second, a TRO motion

must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a TRO motion "must be accompanied by a separately filed affidavit or verified written complaint"). Third, a TRO movant must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). This court mandates "strict compliance" with this notice provision by pro se parties. M.D. Tenn. L.R. 65.01(c).

Plaintiff has not satisfied any of the three procedural requirements. Because "strict compliance" with Rule 65's notice requirements is required, this failure is fatal to Plaintiff's TRO motion. Even if the Court were to reach the merits, however, Plaintiff has not demonstrated that he is entitled to emergency injunctive relief at this time primarily because the motion is based on what Plaintiff fears *will happen* when Defendants are served. No Defendant has been served at this time.

For these reasons, Plaintiff has not borne his burden for issuance of emergency injunctive relief. Therefore, Plaintiff's Motion (Doc. No. 7) will be denied. However, the denial is without prejudice to renew, if appropriate and supported by the required documentation.

### IV. PETITION SEEKING IMMEDIATE ORDER OF PROTECTION

Plaintiff also filed a "Petition Seeking Immediate Order of Protection for Duration of Case" in which he seeks "the immediate protection of this court due to injuries, harassment, retaliation and deliberate indifference plaintiff suffers at the hands of DCSO staff." (Doc. No. 10 at 1). Plaintiff brings his Motion pursuant to Tennessee Rule of Civil Procedure 7.02. (*Id*.)

The Federal Rules of Civil Procedure—not the Tennessee Rules of Civil Procedure—govern in this federal civil action brought under Section 1983. There is no corresponding rule

11

Case 3:22-cv-00689   Document 12   Filed 11/22/22   Page 11 of 13 PageID #: 49

under the Federal Rules for obtaining an order of protection against a person or entity in the way Plaintiff's Motion contemplates. Therefore, the Motion (Doc. No. 10) will be denied.

However, Plaintiff's Motion includes new allegations of retaliation against already-named Defendants and other individuals. The Motion also includes new allegations under the Eighth Amendment concerning Plaintiff's medical needs. Taking into account these allegations and Plaintiff's pro se status, the Court will permit Plaintiff to amend his complaint, if he so desires, to name an additional defendant or defendants with respect to his retaliation claims and to allege new claims against the already-named or yet-to-be named defendants.

## V. SUMMARY

Having screened the complaint pursuant to the PRLA, the Court finds that Plaintiff's First Amendment retaliation claims under Section 1983 against Defendant E. Byer in his or her individual capacity will proceed. Plaintiff's Section 1983 claims against E. Byer in his or her official capacity, the Davidson County Sheriff's Office, and Metropolitan Government (Metro) will be dismissed for failure to state claims upon which relief can be granted under Section 1983.

Plaintiff's Motion for a Temporary Restraining Order against the Davidson County Sheriff's Office and Officer E. Byers (Doc. No. 7) will be denied.

Further, Plaintiff's "Petition Seeking Immediate Order of Protection for Duration of Case" (Doc. No. 10) will be denied. However, taking into account the allegations made therein and Plaintiff's pro se status, the Court will permit Plaintiff to amend his complaint, if he so desires, to name an additional defendant or defendants with respect to his retaliation claims and to allege new claims concerning Plaintiff's medical care against the already-named or yet-to-be named defendants.

If Plaintiff elects to amend his complaint, he must do within 30 days of entry of this Memorandum Opinion and accompanying Order. Upon receipt of a timely amended complaint, the Court will screen the amended complaint as required by the PLRA.

If Plaintiff fails to submit an amended complaint within the proscribed time period, this action will be referred to the Magistrate Judge with respect to Plaintiff's Section 1983 retaliation claim against Defendant E. Byer in his or her individual capacity.

An appropriate Order will be entered.

                                           WILLIAM L. CAMPBELL, JR.
                                           UNITED STATES DISTRICT JUDGE