IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| COREY TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:22-cv-00689 |
| EDWARD BYERS, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Pending before the Court is Defendant Edward Byers' motion to dismiss (Doc. No. 19), brought under Federal Rules of Civil Procedure 12, which is fully briefed. (*See* Doc. Nos. 21, 22,). The Magistrate Judge filed a Report and Recommendation (Doc. No. 30) recommending that Byers' motion to dismiss be denied. For the reasons discussed below, the motion is **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiff Corey Taylor brings this action *pro se* under 42 U.S.C. § 1983 against Defendant Edward Byers for retaliation. Specifically, Taylor claims that Byers retaliated against him for seeking to file a complaint under the Prison Rape Elimination Act ("PREA"). At the time Taylor filed his initial complaint, he was a pre-trial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee. Taylor claims that, on August 23, 2022, Byers made a comment to him in the presence of other inmates insinuating that Taylor was engaging in "homosexual activities" with another man. (Amended Complaint, Doc. No. 14 at 1). Taylor immediately requested to speak with a sergeant in an attempt "to file a prea" against Byers. (*See id.*). Taylor then asked Byers "how would you like it if I called you a 'bitch' and then said 'bitch get me a sergeant.'" (*Id.*). Byers acted as if Taylor didn't request a sergeant and refused to call a

sergeant. (*See id*.). Byers then attempted to speak with Taylor to persuade him not to "file a prea." (*See id*.). Taylor attempted to contact the PREA hotline but was unsuccessful. (*See id*.).

Shortly thereafter, Byers still refused to contact a sergeant and told Taylor that he was issuing a disciplinary report. (*Id*. at 2). At that time, two other officers entered the housing unit and noticed that Taylor was upset. (*Id*. at 2). Taylor asked one of the officers if he could speak with her and when she asked what for, Byers pointed to his computer screen showing her the violation report he was typing. (*See id*.). The officer told Byers "No you can't do that" and asked Taylor what was wrong. (*See id*.). Taylor informed the officer about what had happened, and the officer relayed the issue to a sergeant. (*See id*.). A sergeant arrived seconds later, spoke with Byers, and typed a few keys, which Taylor assumed was the sergeant deleting the violation report. (*See id*.). Taylor gave a detailed account of the events to the sergeant, after which the sergeant removed Byers from Taylor's housing unit. (*See id*.). However, Byers entered Taylor's housing unit twice after his removal. During one of those times, Byers "kept staring at [Taylor's] cell while talking to another officer about the situation," which made Taylor feel threatened and intimidated. (*Id*.).

Taylor claims that he is "homophobic and a victim of past abuse." (*Id*. at 1). He further claims that as a result of Byers alleged conduct, he became "mentally and emotionally disturbed/bothered and filled with mental and emotional anguish" and fearful for his well-being. (*Id*. at 1-2). Taylor seeks compensatory and punitive damages, nominal damages, and "an immediate audit of DCSO prea policy to ensure they are in guidelines to protocol." (*Id*. at 2).

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court construes the complaint in the light most favorable to the plaintiff, accepts its factual allegations as true, and draws all reasonable inferences in favor of the plaintiff.

2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Courts are instructed to give indulgent treatment to the "inartfully pleaded" allegations of *pro se* prison litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.   ANALYSIS

Through the pending motion to dismiss, Byers argues that Taylor fails to allege an injury-in-fact for standing as well as the essential elements of his claim. Additionally, Byers claims that he is entitled to qualified immunity. The Court will address Byers' arguments in turn.

**A.  Standing**

Article III of the Constitution gives the federal courts jurisdiction only over "cases and controversies," of which the component of standing is an "essential and unchanging part." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have Article III standing, a plaintiff must allege "(1) an injury in fact (2) that's traceable to the defendant's conduct and (3) that the courts can redress." *Gerber v. Herskovitz*, 14 F.4th 500, 505 (6th Cir. 2021) (citing *Lujan*, 504 U.S. at 559-61). Standing is assessed under the facts existing when the complaint is filed. *See Am. C.L. Union of Ohio, Inc. v. Taft*, 385 F.3d 641, 645 (6th Cir. 2004). "The standing inquiry is not a merits inquiry." *Gerber*, 14 F.4th at 505 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

Here, Byers challenges only the sufficiency of the first standing element – the requirement of a sufficient injury-in-fact. An injury-in-fact "requires the 'invasion of a legally protected

3

Case 3:22-cv-00689   Document 50   Filed 09/29/23   Page 3 of 7 PageID #: 216

interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488 (6th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). Specifically, Byers argues that Taylor has not alleged a concrete injury. "To allege a concrete injury, a plaintiff must establish that the injury is 'real and not abstract,' an element that considers whether the plaintiff has asserted a type of injury traditionally redressed by the courts." *CHKRS*, 984 F.3d at 488 (citation omitted).

Byers contends that Taylor's alleged invasion of his legally protected interest in excising his First Amendment rights is "not concrete" because the Amended Complaint fails to allege adverse consequences beyond Byers' attempt to issue a disciplinary report. This argument is unpersuasive because it conflates the merits of Taylor's First Amendment retaliation claim with Taylor's standing to bring it. *See CHKRS*, 984 F.3d at 488-89 (reversing district court that granted motion to dismiss for lack of standing for failure to allege a legally protectable interest because the trial court relied on merit-based precedent rather than cases articulating the requirements for Article III standing). Accordingly, Byers' motion to dismiss is **DENIED** as to standing.

**B. Sufficiency of Allegations**

To state a viable claim under Section 1983, a plaintiff must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012). As noted above, Taylor claims that Byers retaliated against him for exercising his First Amendment free speech rights in connection with making a PREA report. Although not addressed by the parties, the Court notes that, in Tennessee, PREA complaints are not required to be written and can be made orally. *See Loyde v. Tehum Care Services d/b/a Corizon Health, Inc., et al.*, No. 3:20-

4

CV-00710, 2023 WL 6226128, at *4 (M.D. Tenn. Sept. 25, 2023) (noting that Tennessee inmates "can satisfy PLRA exhaustion by making an oral PREA complaint.").

"In a First Amendment retaliation claim, 'retaliation for the exercise of constitutional rights is itself a violation of the Constitution.'" *Hill v. Lappin*, 630 F.3d 468, 473 (6th Cir. 2010) (quoting *Thaddeus-X*, 175 F.3d at 394). In order to establish a First Amendment retaliation claim, a plaintiff must show that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394, 399 (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

*Adverse Action* – Byers argues Taylor fails to allege facts showing an adverse action was taken against him because Byers' attempt to write up Taylor was thwarted. (*See* Doc. No. 20 at 5-6). "An adverse action is one that is '*capable* of deterring a person of ordinary firmness' from exercising the constitutional right in question." *Hill*, 630 F.3d at 472 (quoting *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original)). "*Actual* deterrence need not be shown." *Hill*, 630 F.3d at 472 (quoting *Harbin–Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) (emphasis in original)). "Even the threat of an adverse action can satisfy this element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct." *Hill*, 630 F.3d at 472 (citing *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009)); *see id*. ("the mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation") (quoting *Scott v. Churchill*, 377 F.3d 565, 571–72 (6th Cir. 2004)). Generally, "[w]hether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). Viewing the

facts alleged in the light most favorable to Taylor and drawing all reasonable inferences in his favor, the Court finds that Taylor's allegations of Byers' threatening behavior in starting to write a disciplinary report and making intimidating visits to Taylor's housing cell after being removed from are enough to plausibly allege an adverse action.

*Motivation for adverse action* – Byers also argues the Amended Complaint fails to allege Byers' motivation for the alleged adverse action. (Doc. No. 20 at 6-7). This element addresses whether the defendants' subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct. *Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010) (citing *Thaddeus–X*, 175 F.3d at 399). According to Byers, Taylor's allegations of temporal proximity between Byers' stated intention to issue Taylor a disciplinary report and Taylor's engagement in protected activity are insufficient. While temporal proximity alone may be inadequate for purpose of summary judgment or trial, Byers cites to no authority for the proposition that such allegations are insufficient at the pleading stage. Accordingly, the Court is unpersuaded that Taylor has failed to adequately allege the third element of his First Amendment retaliation claim. Regardless of whether Taylor can ultimately prevail on his claim, or even survive summary judgment, Taylor's pleading meets the low requirements for surviving dismissal.

## C. Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Courts employ the following two-part test to determine whether a government official is entitled to qualified immunity: (1) whether the alleged facts, viewed in the light most favorable to the plaintiff, show that the official's

conduct violated a constitutional right, and (2) whether that constitutional right was clearly established. *See Rieves v. Town of Smyrna, Tennessee*, 959 F.3d 678, 695 (6th Cir. 2020) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "If either prong is not met, then the government officer is entitled to qualified immunity." *Doe v. Miami Univ.*, 882 F.3d 579, 604 (6th Cir. 2018).

Byers submits that he is entitled to qualified immunity because Taylor has failed to allege that Byer's conduct violated a constitutional right and because the alleged constitutional right was not clearly established. (Doc. No. 20 at 8-9). The Court has already determined that Taylor has sufficiently alleged that Byer's conduct violated Taylor's constitutional rights under the First Amendment. As to the second prong of qualified immunity, the Sixth Circuit "has made clear that a prison officer may not undertake adverse actions in retaliation for a prisoner's exercise of his First Amendment Right." *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (citing *Bell v. Johnson*, 308 F.3d 594, 612 (6th Cir. 2002)). Additionally, the Sixth Circuit determined in 2004 that precedent "clearly establishes that the mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation." *Scott v. Churchill*, 377 F.3d 565, 571–72 (6th Cir. 2004). Accordingly, Byers' motion is also **DENIED** as to qualified immunity.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE