IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY TAYLOR,<br>　　Plaintiff,<br><br>v.<br><br>EDWARD BYERS,<br>　　Defendant. | )<br>)<br>)<br>)　　Case No. 3:22-cv-689<br>)　　Judge Campbell/Frensley<br>)<br>) |

## REPORT AND RECOMMENDATION

This 42 U.S.C. 1983 action is before the court on Plaintiff Corey Taylor's motions for summary judgment (Docket No. 29); for judicial notice of his change of address (Docket. No. 49); for miscellaneous relief, construed as a motion to strike (Docket No. 54) and; "claim for relief" under Rule 8(a) (Docket. No. 55).

For the reasons set forth below, the undersigned recommends that Plaintiff's motion for summary judgment be denied. The undersigned will grant Plaintiff's motion to strike, deny Plaintiff's motion for relief under Rule 8(a) and deny the motion for judicial notice as moot, by separate order.

### I.　　BACKGROUND

In his pro se amended complaint, Plaintiff Corey Taylor asserts Defendant Edward Byers retaliated against him in violation of his First Amendment rights by writing a bogus violation report in retaliation for his attempt to file a Prison Rape Elimination Act (PREA) complaint. Doc. No 14. Specifically, Taylor claims that on August 23, 2022, while a pretrial detainee in the custody of the Davidson County Sheriff's office in Nashville, Tennessee, Byers made a comment to him in the presence of other inmates insinuating that Taylor was engaging in homosexual activities with another man. Doc. No. 14 at p. 1. Taylor immediately requested to speak with a sergeant in an

attempt to file a PREA against Byers. Id. Taylor then asked Byers "how would you like it if I called you a 'bitch' and then said 'bitch get me a sergeant.'" Id. Byers acted as if Taylor did not request a sergeant and refused to call a sergeant. Id. Byers then attempted to speak with Taylor to persuade him not to file a PREA. Id. Taylor attempted to contact the PREA hotline but was unsuccessful. Id. Shortly thereafter, Byers still refused to contact a sergeant and told Taylor that he was issuing a disciplinary report. Id. at p. 2. At that time, two other officers entered the housing unit and noticed that Taylor was upset. Id. at p. 2. Taylor asked one of the officers if he could speak with her, and when she asked why, Byers pointed to his computer screen showing her the violation report he was typing. Id. The officer told Byers that he could not do that and asked him what was wrong. Id. Taylor informed the officer what had occurred, and the officer then relayed the issue to a sergeant. See Id. A sergeant arrived seconds later, spoke with Byers, and began typing, which Taylor assumed was the sergeant deleting the violation report. Id. Taylor gave the sergeant a detailed account of the events, after which the sergeant removed Byers from Taylor's housing unit. Id. However, Byers entered Taylor's housing unit on two occasions after he was removed. During one of those occasions, Byers kept staring at his cell while speaking with another officer, which made Taylor feel threatened and intimidated. Id.

Taylor claims that he is homophobic and a victim of past abuse. Id. at p. 1. He alleges he suffered mental and emotional anguish as a result of Byers's conduct, and fears for his well-being. Id. at p. 1-2. He seeks damages and an audit of the PREA policy at the Davidson County Sherriff's Office ("DCSO"). Id. at p. 2.

## II. LAW AND ANALYSIS

**Plaintiff's Motion for Summary Judgment**

Plaintiff now moves for summary judgment. Docket No. 29. Plaintiff's bases his motion

on one ground, that Defendant has conceded liability for retaliating against him. In support of his argument Plaintiff cites a single phrase contained in Defendant's response to Plaintiff's motion for appointment of counsel "that plaintiff was retaliated against." He makes no other arguments and has provided no evidence in support of his motion. Defendant opposes the motion, arguing he has not admitted liability and that Plaintiff has misrepresented the quoted line from his response. He notes Plaintiff has stated no other grounds in support of his motion. The undersigned agrees with Defendant.

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party bringing the motion has the burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute of material facts. *Rodgers v. Banks*, 344 F. 3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.* A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986); *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F. 3d 265, 268 (6th Cir. 2007). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249. The Court determines whether sufficient evidence has been presented to make the issue of

fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to allow the nonmoving party's claims to survive summary judgment; rather, the nonmoving party must convince the Court that there is sufficient evidence for a juror to return a verdict in its favor. *Id.*

Generally, the Court should liberally construe pro se pleadings, holding them to less stringent standards than those drafted by lawyers. *See Williams v. Curtin*, 631 F. 3d 380, 383 (6th Cir. 2011)(internal quotation marks and citation omitted)(addressing the issue of pro se complaints). Nevertheless, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

In order to prevail on a First Amendment Retaliation claim, Plaintiff must demonstrate that: (1) he engaged in protected speech or conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the protected speech or conduct and the adverse action (i.e., the adverse action was motivated, at least in part, by the plaintiff's protected speech or conduct). *Dye v. Office of the Racing Comm'n*, 702 F. 3d 286, 294 (6th Cir. 2012). Plaintiff must demonstrate "more than his personal belief that he is the victim of retaliation." *Spies v. Voinovich*, 48 F. App'x 520, 525 (6th Cir. 2002).

Here, the sentence from Defendant's response brief upon which Plaintiff relies states as follows: "Furthermore, this case turns on a non-complex issue: whether, in response to his demand to see a sergeant and his verbal abuse of DCSO staff, Plaintiff was retaliated against." Docket No. 26, at p. 2. The quoted sentence, read in its entirety, is not an admission of liability; it is a statement of the issue in this case. Plaintiff has not satisfied the burden of proof. Plaintiff makes no other arguments, nor has he offered any evidence in support of his motion. Because genuine issues of

4

material fact exist as to whether Defendant retaliated against Plaintiff, the undersigned recommends Plaintiff's motion for summary judgment be denied.

### III. CONCLUSION

For the reasons discussed above, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for summary judgment (Docket No. 29) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**