IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| COREY TAYLOR, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:22-cv-00689 |
| | ) | |
| EDWARD BYERS, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
|    Defendant. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 60) that Plaintiff's *pro se* motion for summary judgment (Doc. No. 29) be denied. The Court has received Plaintiff's timely objection (Doc. No. 65),[1] which the Court will now address.

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Report and Recommendation states, in pertinent part, as follows:

> Plaintiff now moves for summary judgment. Docket No. 29. Plaintiff [sic] bases for his motion on one ground, that Defendant has conceded liability for retaliating against him. In support of his argument Plaintiff cites a single phrase contained in Defendant's

---

[1]    Plaintiff's objection was postmarked February 27, 2024. (*Id*. at PageID #276).

> response to Plaintiff's motion for appointment of counsel "that plaintiff was retaliated against." He makes no other arguments and has provided no evidence in support of his motion.
>
> \*\*\*
>
> Here, the sentence from Defendant's response brief upon which Plaintiff relies states as follows: 'Furthermore, this case turns on a non-complex issue: whether, in response to his demand to see a sergeant and his verbal abuse of DCSO staff, Plaintiff was retaliated against.' Docket No. 26, at p. 2. The quoted sentence, read in its entirety, is not an admission of liability; it is a statement of the issue in this case. Plaintiff has not satisfied the burden of proof. Plaintiff makes no other arguments, nor has he offered any evidence in support of the motion. Because genuine issues of material fact exist as to whether Defendant retaliated against Plaintiff, the undersigned recommends Plaintiff's motion for summary judgment be denied.

(Report and Recommendation, Doc. No. 60 at 2-3, 4-5). Plaintiff objects to the Magistrate Judge's finding that he offered no evidence in support of his motion for summary judgment, arguing the evidence is the complaint and the Magistrate Judge's Report and Recommendation on Defendant's motion to dismiss. (Doc. No. 65 at PageID # 274 (citing Doc. Nos. 1, 30)). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56. "Rule 56 does not allow citation to pleadings." *Stokes v. Ohio Truck Sales, LLC*, 633 F. Supp. 3d 1023, 1029 (N.D. Ohio 2022).

Although there is an exception to this rule for a verified complaint, *see El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (verified complaint carries the same weight as an affidavit for purposes of summary judgment), Plaintiff has not signed his complaint under penalty of perjury; therefore, it is not a verified complaint, and the Magistrate Judge could not consider it as evidence.

2

*See Fox v. Faison*, 668 F. Supp. 3d 751, 761 (M.D. Tenn. 2023) (allegations in an unverified complaint "are not evidence.") (citation omitted).[2]

Having reviewed the Report and Recommendation and considered Plaintiff's objection, the Court concludes that the Report and Recommendation (Doc. No. 60) should be adopted and approved. Accordingly, Plaintiff's motion for summary judgment (Doc. No. 29) is **DENIED**.

It is so **ORDERED**.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　WILLIAM L. CAMPBELL, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] The United States Code specifically sets forth the language that must appear in a document for it to qualify as an unsworn declaration under penalty of perjury. *Williams v. Browman*, 981 F.2d 901, 904 (6th Cir. 1992) (citing 28 U.S.C.A. § 1746). If the document is executed within the United States, it must be subscribed to as follows:

> "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
> 　　　　　　　　　　　　　　　　　　　　(Signature)".

28 U.S.C.A. § 1746(2).